UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES F GERMEYER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-1973 |
| | § | |
| HFG ENGINEERING US INC; F/K/A | § | |
| ALBERT-GARAUDY AND ASSOCIATES, | § | |
| INC., | § | |
| | § | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

## I.        INTRODUCTION

Pending before the Court is the defendant's, HFG Engineering US Inc. f/k/a Albert-Garaudy and Associates, Inc., motion for summary judgment (Docket Entry No. 24).  The plaintiff, Charles F. Germeyer, has filed a response in opposition to the motion (Docket Entry No. 27).  The defendant filed a reply in support of its motion (Docket Entry No. 30).  After having carefully evaluated the motion, the record, the undisputed facts and the applicable law, the Court determines that the defendant's motion for summary judgment should be GRANTED.

## II.        FACTUAL BACKGROUND

The plaintiff has worked intermittently for many years as a contract engineer for multiple companies, both domestically and abroad.  He was unemployed in the time periods immediately before and after working for the defendant.  The defendant is a professional engineering firm that specializes in oil and gas engineering design.  General contractor Willbros U.S. hired the defendant to provide engineering services for offshore platform projects in Nigeria.  The

defendant, in turn, hired contract engineers, including the plaintiff, to work on the Nigerian project.

On June 19, 2006, the parties signed a Limited Benefit Employer Offer Summary ("Offer Summary") that guaranteed the plaintiff a weekly salary, some insurance benefits, and reimbursement for various expenses.  The Offer Summary specified "no additional compensation for off rotation periods, except for hours worked in AGA Houston/Metairie offices."  *See* [Docket Entry No. 24-1, Ex. 2, Offer Summary, Provision No. 13].  Provision number 5 of the Offer Summary states "60/30 rotation through EPC4A [project] completion or other rotation as may be agreed with employee."

Pursuant to the Offer Summary, the plaintiff worked for the defendant in Nigeria for seven weeks, from July 11, 2006 to August 29, 2006.  During that time, the defendant paid the plaintiff $42,760, and he incurred no living expenses.  The plaintiff had no other reported income during the year of 2006.  On August 29, 2006, the defendant ceased work on the Nigerian project and flew all of its employees stationed there, including the plaintiff, back to the United States.[1]  In October 2006, Willbros shut down its Nigerian operations.

The defendant timely removed the action to this Court pursuant to 28 U.S.C. § 1441(b).  The defendant now moves for summary judgment on the plaintiff's claim.

III.    **CONTENTIONS OF THE PARTIES**

   A.    **The Defendant's Argument**

First, the defendant alleges that the Offer Summary is not a contract because it does not provide a fixed term of employment.  Second, the defendant claims that it did not make any other promise to the plaintiff of fixed term employment.  Third, the defendant alleges that even if it did

---

[1] The parties dispute whether the defendant removed its workers from Nigeria because of civil unrest, because of a payment dispute between the defendant and Willbros, or both.  The actual reason is unimportant for this Court's analysis.

enter a promise with the plaintiff, the promise was too vague to be enforceable and that the plaintiff did not rely on that promise to his substantial detriment.

### B.    The Plaintiff's Argument

First, the plaintiff alleges that the Offer Summary is a contract, both by its terms and by the defendant's supplemental oral representations.  Second, the plaintiff claims that he relied on the alleged contract and oral promises for lengthier employment to his substantial detriment.

## IV.    STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to that party's case and on which that party bears the burden at trial.  *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323; *see also, Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003).  Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075).  "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that

evidence support[s] [its] claim[s].'"  *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871, (1994)).  The nonmovant may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."  *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted).  Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."  *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'"  *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted).  When determining whether the nonmovant has established a genuine issue of material fact, a reviewing court must construe "all facts and inferences . . . in the light most favorable to the [nonmovant]."  *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)).  Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)).  Nonetheless, a reviewing court may not "weigh the evidence or evaluate the credibility of witnesses."  *Boudreaux*, 402 F.3d at 540 (citing *Morris*, 144 F.3d at 380).  Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law.'"  *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

## V.     ANALYSIS AND DISCUSSION

### A.     The Plaintiff's Employment Status

The plaintiff was an at-will employee of the defendant.   In Texas, absent existing contractual or statutory limitations, an employee is at will, and he may be terminated at any time, with or without cause.  *See*, *Winters v. Houston Chronicle Pub. Co.*, 795 S.W.2d 723, 723-724 (Tex. 1990) (internal citations omitted).   An employee who challenges his at-will status must show an express agreement that alters the at-will status of his employment contract.  *Totman v. Control Data Corp.*, 707 S.W.2d 739, 744 (Tex. App – Ft. Worth 1986, no writ) (internal citations omitted).   The at-will status may be altered only by clear and specific terms to the contrary.  *See also*, *Schroeder v. Texas Iron Works*, 813 S.W.2d 483, 489 (Tex. 1991) (overruled on other grounds); *Collins v. Allied Pharmacy Management*, 871 S.W.2d 929, 933 (Tex. App. – Houston [14th Dist.] 1994, no writ).

The Court finds, as a matter of law, that the parties' Offer Summary granted the plaintiff an at-will employment relationship with the defendant.  Contract interpretation is a question of law.  *See, Dew, Inc. v. Local 93, Liu*, 957 F.2d 196, 199 (5th Cir. 1992) (internal citations omitted).  "[W]hether a contract is ambiguous is also a question of law," and a contract is not ambiguous simply because the parties disagree about its requirements.  *Dew, Inc.*, 957 F.2d at 199 (internal citations omitted).  Thus, disagreement about the meaning of contract terms will not change an issue of law into an issue of fact.  *Id*.

In the case at bar, the terms of the Offer Summary do not overcome the Texas default presumption of at-will employment.  The Offer Summary describes the plaintiff's employment

schedule as a "60/30 rotation through EPC4A [project] completion or other rotation as may be agreed with employee."  *See* [Docket Entry No. 24-4, Ex. 2, Provision No. 5].  This description of the term of employment does not describe a term of definite duration.  Because this description is not a definite duration, it does not limit the time or manner in which either party can terminate their employment relationship.  Therefore, by the terms of the Offer Summary, the parties entered into an at-will employment relationship, which either party could terminate at any time.  *See, Goodyear Tire and Rubber Co. v. Portilla*, 879 S.W.2d 47, 48 n. 1 (Tex. 1994) (stating that in Texas, "[a]t-will employment exists when the parties do not limit the ability of either employer or employee to terminate employment at their will.")

The plaintiff's allegation that the defendant orally supplemented the Offer Summary to create an employment for a minimum duration also fails.  In his deposition, the plaintiff testified that an employee of the defendant told him about the project, saying that the defendant had "been working on it, approximately, a year and expected it to go on for two more years."  *See* [Docket Entry 25-1, Ex. 1, Dep. of Germeyer, p. 26].  This description of the project length – even if true – fails to alter the terms of the parties' at-will employment relationship for two reasons.

First, the vagueness of the alleged oral promise does not establish a definite term of employment.  *See, e.g., Montgomery Country Hosp. Dist. v. Brown*, 965 S.W.2d 501, 503 (Tex. 1998) ("[c]ourts must distinguish between carefully developed employer representations upon which an employee may justifiably rely, and general platitudes, vague assurances . . . and indefinite promises of continued employment" (internal citations omitted)).  Second, the alleged oral promise does not survive the statute of frauds.  Under the statute of frauds, "[a]n agreement not enforceable within one year from the date of its making is unenforceable unless it is (1) in writing, and (2) signed by the person against whom the agreement is to be enforced."  *Daesaeng*

*Corp. v. Stone*, 1997 WL 557091 *3 (Tex. App. – Dallas 1997, pet. denied) (citing TEX. BUS. & COM. CODE ANN. § 26.01(a), (b)(6)).  Therefore, the Court finds that, as a matter of law, the plaintiff was an at-will employee of the defendant.

An employer can terminate an at-will employee at any time, with or without cause.  See, *Winters*, 795 S.W.2d at 723-24 (internal citations omitted).  Because the plaintiff was an at-will employee of the defendant, the defendant had the right to terminate the plaintiff at any time.

### B.        The Plaintiff's Promissory Estoppel Claim

Finally, the plaintiff asserts promissory estoppel as a basis for relief.  The plaintiff's promissory estoppel claim fails also because he did not detrimentally rely on the defendant's alleged promise.  To prevail on a promissory estoppel claim in Texas, the plaintiff must establish three elements: (1) a promise; (2) foreseeability of the promisee's reliance on the promise by the promisor; and (3) substantial detrimental reliance by the promise.  *See, Henry Schein v. Stromboe*, 102 S.W.3d 675, 686 n. 25 (Tex. 2002) (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)).

This Court finds that the plaintiff has not established the third element of the promissory estoppel analysis.  Even if the defendant made the oral promises that the plaintiff alleges, and even if the defendant could have foreseen that the plaintiff might rely on those alleged promises, the plaintiff has not exhibited substantial reliance on those alleged promises.  He did not have other employment; he had gone overseas numerous times on other assignments, and he did not forego any other employment opportunities as a result of accepting an at-will position with the defendant.  Therefore, as a matter of law, the plaintiff's promissory estoppel claim fails.

### C. The Plaintiff's Motion to Strike

As part of the plaintiff's defense, he moved to strike certain summary judgment proffers of the defendant.  This Court need not consider the plaintiff's motion to strike certain portions of the defendant's summary judgment evidence because summary judgment is appropriate regardless of whether the Court considers those portions.  "The rule is settled that on a motion for summary judgment a court will disregard only the inadmissible portions of a challenged affidavit offered in support of or opposition to the motion and will consider the admissible portions in determining whether to grant or deny the motion."  *Lee v. Nat'l Life Assur. Co.*, 632 F.2d 524, 529 (overruled on other grounds) (internal citations omitted).

### D. The Plaintiff Should Not Be Sanctioned Under Rule 11

The defendant seeks to have the plaintiff sanctioned because, as it alleges, the plaintiff's suit is frivolous.  The Court will not sanction the plaintiff under Rule 11 of the Federal Rules of Civil Procedure, however.  Rule 11 requires that "the claims, defenses, and other legal contentions [to a pleading] are warranted by law or by a non-frivolous argument for extending, modifying, or reversing existing law or establishing new law." Fed. R. Civ. P. 11(b)(2).  Rule 11 should be exercised with discretion.  It is not intended to reward parties that prevail on motions, but rather "is aimed at curbing abuses of the judicial system."  *Bus. Guides, Inc. v. Chromatic Communs. Enters.*, 498 U.S. 533, 542 (1991) (internal citations omitted).  While the Court notes that the plaintiff's lawsuit has weak factual and legal bases, the Court deems sanctions unnecessary in light of the outcome.

## VI.   CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion for summary judgment is hereby GRANTED.

It is so **ORDERED**.

SIGNED at Houston, Texas this 22nd day of September, 2010.

Kenneth M. Hoyt
United States District Judge